UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CERVANTES, et al., | CASE NO. 1:12-cv-01932-LJO-JLT |
| Plaintiffs, | **ORDER SETTING CIVIL CONTEMPT HEARING AS TO JAMES HAMILTON** |
| v. | |
| CEMEX, INC., | **(Doc. 35)** |
| Defendants. | |

**I.        Background**

In this matter, Plaintiffs contend they suffered unlawful discrimination by Defendant. In connection with these claims, Plaintiffs intend to depose the former personnel director, James Hamilton.

Before the Court is the motion filed by Plaintiffs in which they seek an order of the Court holding James Hamilton in contempt for failing to appear at his deposition. (Doc. 35) Plaintiffs assert that they personally served Mr. Hamilton a subpoena on January 20, 2014 (Doc. 35-3 at 16) requiring his attendance at a deposition on February 22, 2014 but he did not appear. Id. at 3-4.

**II.        Contempt Proceedings**

Contempt proceedings may be civil or criminal in nature. The Ninth Circuit Court of Appeals utilizes the "sanction test" to determine whether the contempt proceedings are civil or criminal, explaining: "[I]f the purpose of the relief is to compel the respondent to comply or to

1

compensate the petitioner for the refusal, the contempt proceeding is civil in nature. If the purpose is to punish the respondent and vindicate the court, the proceeding is criminal." United States v. Asay, 614 F.2d 655, 659 (9th Cir. 1980); see also Falstaff Brewing Corp. v. Miller Brewing Co., 702 F.2d 770, 778 (9th Cir. 1983) ("To distinguish civil from criminal contempt, the focus of the inquiry is often 'not [upon] the fact of the punishment but rather its character and purpose.'").

Here, Plaintiffs seek to have James Hamilton comply with the subpoena they claim was served on him to submit to deposition; as such the proceedings are civil in nature. *See* Falstaff Brewing Corp., 702 F.2d at 778 ("[c]ivil contempt is characterized by the court's desire to compel obedience to a court order . . . or to compensate the contemnor's adversary for the injuries with result from the noncompliance").

### III. Discussion and Analysis

To demonstrate a finding of civil contempt is appropriate, the moving party bears the initial "burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." Fed. Trade Comm'n v. Affordable Media, LLC, 179 F.3d 1228, 1239 (9th Cir. 1999)). Once the moving party does so, the contemnor must "demonstrate why [he] was unable to comply." Id. "The contempt 'need not be willful,' and there is no good faith exception to the requirement of obedience to a court order." Go-Video, Inc. v. Motion Picture Ass'n of America, 10 F.3d 693, 695 (9th Cir. 1993).

Plaintiffs have set forth sufficient reason to believe that James Hamilton has failed to comply with the subpoena served on him to submit to deposition. Thus, herewith the Court issues an order to James Hamilton to appear and show cause why sanctions re: contempt should not issue.

### ORDER

Based upon the showing made by Plaintiffs, the Court **ORDERS:**

1. A hearing is set on **April 9, 2014** at 9:00 a.m. at the United States courthouse located at 510 19th Street, Bakersfield, California, for James Hamilton to show cause **in person** why sanctions for contempt should not be issued;

2. Plaintiffs are **ORDERED** to personally serve James Hamilton with the order for

his appearance issued herewith, **no later than March 26, 2014**;

3. In the event, Mr. Hamilton submits to deposition before the hearing on April 9, 2014, counsel for Plaintiffs **SHALL** notify the Court of this fact so the Court may consider whether to vacate the hearing and discharge the order to show cause.

IT IS SO ORDERED.

Dated:   **March 6, 2014**                              **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE