UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CERVANTES, an individual, and JORGE MONTES, an individual<br><br>Plaintiffs,<br><br>v.<br><br>CEMEX INC., a corporation; and DOES 1 to 50, inclusive.<br><br>Defendants. | 1:12-CV-01932-LJO-JLT<br><br>**ORDER ON BILL OF COSTS** (Doc. 110) |

## I. INTRODUCTION

Cemex, Inc. ("Defendant") submitted a bill of costs in the amount of $16,836.47. Doc. 109. Jose Cervantes and Jorge Montes ("Plaintiffs") object to taxation of costs in this amount. Doc. 110. Plaintiffs contend that this case meets the Ninth Circuit standard for outright denial of costs. Alternatively, Plaintiffs request that specific costs be further reduced for being excessive and unreasonable. Defendant responded to the objections. Doc. 114.

## II. FACTUAL AND PROCEDURAL HISTORY

On July 26, 2013, Plaintiffs submitted a first amended complaint to the Court alleging employment discrimination and harassment in violation of 42 U.S.C. § 2000e and Cal. Gov't Code § 12940. Doc. 27. The first amended complaint further alleged that defendant retaliated against Plaintiffs,

1

failed to prevent discrimination and retaliation against Plaintiffs, and that Defendant violated the unlawful use of workplace language policy in violation of Cal. Gov't Codes § 12940 and § 12951, respectively. *Id*. On August 18, 2014, Defendant made a motion for summary judgment. Doc. 57. This motion was granted in part as to the claims made under 42 U.S.C. § 2000e. Doc. 107. The Court declined to exercise supplemental jurisdiction over the remaining state law claims, dismissing them without prejudice. *Id*. On November 24, 2014, Defendant submitted a bill of costs in the amount of $16,836.47 to the Court. Doc. 109. On December 1, 2014, Plaintiffs submitted their objections to the bill of costs asking the Court to deny all costs or in the alternative reduce the costs for being excessive and unreasonable. Doc. 110. Defendant responded on December 15, 2014. Doc. 114.

### III. DISCUSSION

Rule 54(d)(1), Fed. R. Civ. P., provides for an award of costs to the prevailing party unless the court otherwise directs. The Ninth Circuit held that the trial court has wide discretion in awarding costs. *K-S-H Plastics, Inc. v. Carolite, Inc*., 408 F. 2d 54, 60 (9th Cir. 1969). The losing party bears the burden of providing reasons why awarding costs would be inappropriate or inequitable. *Mansourian v. Bd. Of Regents of the Univ. Of Cal. Davis*, 566 F. Supp. 2d 1168, 1171 (E.D. Cal. 2008). The Ninth Circuit has accepted a variety of reasons for denying costs, including but not limited to; (1) a losing party's limited financial resources; (2) misconduct by the prevailing party; (3) the chilling effect of imposing…high costs of future civil rights litigants; (4) the issues in the case were close and difficult; (5) the prevailing party's recovery was nominal or partial; (6) the losing party litigated in good faith; and (7) the case presented a landmark issue of national importance. *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F. 3d 1016, 1022 (9th Cir. 2003).

In civil rights cases, a court abuses its discretion when it awards costs against a losing plaintiff without considering the plaintiff's limited financial resources. *Assoc. of Mexican-American Educators v. California*, 231 F. 3d 562, 592 (9th Cir. 2000). "Indigency is a factor that the district court may properly consider in deciding whether to award costs." *Stanley v. University of S. Cal.*, 178 F. 3d 1069, 1079 (9th

2

Cir. 1999). The Ninth Circuit determined that the proper question is not whether plaintiffs are currently indigent; rather, the proper inquiry is whether an award of costs might make them so. *Id*. Furthermore, the Ninth Circuit has accepted as evidence plaintiff's employment status at the time of suit when determining the imposition of costs. *Id.* at 1080. Here, Plaintiffs have been unable to secure employment that pays them a commensurate salary to that which they earned while working for Defendant; thus making the financial obligation of paying cost that much more burdensome. Doc. 110 at 13. While working for Defendant, Plaintiff Montes earned $39,213.75 in 2013 and between $36,000 and $41,500 in 2014. Plaintiff Montes now works at Rhino Ready Mix Trucking, Inc. where he earns an average of $1,400 to $2,200 monthly (or between $16,800 and $26,400 annually). *Id*. Assuming Plaintiff Montes would be responsible for half of the $16,836.47 costs bill, this could amount to more than 50 percent of his income. Plaintiff Cervantes earned $34,874.12 in 2013 and $44,081.86 in 2014 while working for Defendant. *Id.* He now earns approximately $2,800 monthly working for the City of Delano. Half of the $16,836.47 bill of costs could amount to approximately one quarter of his income. Payment of costs in this case would be a significant burden on Plaintiffs.

The financial disparity between the parties is also a relevant consideration in this case. *See Assoc. of Mexican-American Educators*, 231 F. 3d 592 (denial of costs appropriate where there exists *inter alia* a great economic disparity between the plaintiffs, who were individuals and small nonprofit educational organizations, and the defendant was the state of California). Defendant is an international corporation which earns over a billion dollars in profit annually. Doc. 110 at 14. Thus there is a significant disparity between the resources of the parties in this case.

Moreover, "the imposition of such high costs on losing civil rights plaintiffs of modest means may chill civil rights litigation in this area." *Stanley*, 178 F. 3d at 1080. The Court declined to exercise supplemental jurisdiction because the issue of whether an English only policy violated FEHA § 12951 and was thus discriminatory is novel. Doc. 107 at 23. Determining the bounds of when such policies are discriminatory is an important civil rights issue. "Language is intimately tied to national origin and

3

cultural identity: its discriminatory suppression cannot be dismissed as an inconvenience to affected employees." *Garcia v. Spun Steak Co*. 13 F. 3d 296, 298 (9th Cir. 1993). Thus while there was not enough evidence to substantiate a federal claim in this case, an award of fees here would discourage plaintiffs from bringing suits in cases such as this one that present novel issues of law on the subject of language discrimination. "Without civil rights litigants who are willing to test the boundaries of our laws, we would not have made much of the progress that has occurred in this nation since *Brown v. Board of Education*, 347 U.S. 483 (1954)." *Id*.

Due to Plaintiffs' limited financial resources, the great disparity between the means of the parties, and the fact that this case presented an issue of societal importance, the Plaintiffs have justified the reduction of costs in this case. Plaintiffs, however, were unsuccessful in their claims and therefore should bear some of the burden. A reduction of 90% is appropriate and generous.

Finally, Defendant submitted costs that do not qualify for payment under Local Rule 292. Fed. R. Civ. P. 54. Local rules require all claims to be "supported by a memorandum of costs and an affidavit of counsel that the costs claimed are allowable by law." *Id*. The court finds that Defendant failed to provide proof of $2,559.12 of costs.[1] Additionally, Defendant requested that $858.10 in shipping and handling fees be paid as part of their costs for fees for printed or electronically recorded transcripts necessarily obtained for use in the case. Local Rule 54-2 specifically states that costs do not include "non-expedited shipping and handling, processing fees, ASCII disks…electronic transmission charge[s]." Thus, to conform with the Federal Rules of Civil Procedure and the Local Rules, the Court must reduce Defendant's submitted costs to $13,419.25. Plaintiffs will be responsible for 10% of this revised costs figure.

//

---

[1] Defendant failed to provide the Court with proof of fees for the service of summons and subpoena in the amount of $2,141.52; and only provided the court with proof of $220 worth of fees for exemplification and the costs of making copies of any material where the copies are necessarily obtained for the use in the case and not for the full amount, $637.60, requested.

4

## IV. CONCLUSION AND ORDER

For the reason discussed above, Defendant's Bill of Costs, submitted on November 24, 2014 (Doc. 109) is reduced to $1,341.93 or ten percent of the allowed costs submitted by Defendant.

Costs are therefore TAXED in the amount of $1,341.93.

IT IS SO ORDERED.

Dated:  **February 11, 2015**          /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE